UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>v.<br><br>CRAIG T. WACKT,<br><br>      Defendant / Judgment Debtor. | Case No.:  3:12-CR-234-DMS<br><br>**ORDER DENYING REQUEST FOR HEARING WITHOUT PREJUDICE**<br><br>**[ECF No. 46]** |

Before the Court is Craig T. Wackt's Request for Hearing. ECF No. 46. Mr. Wackt requests a hearing in the district where he resides because he does not think the Government complied with the statutory requirements for the issuance of the Writ of Garnishment. *Id*. The Government opposes Mr. Wackt's requests. ECF No. 47.

## I. BACKGROUND

On May 25, 2012, the Court sentenced Mr. Wackt to custody for 12 months and 1 day, followed by 3 years of supervised release. ECF Nos. 27, 28. The Court also ordered Mr. Wackt to pay a $100.00 special assessment. *Id*. At the restitution hearing on July 6, 2012, the Court ordered Mr. Wackt to pay $323,254.00 in restitution. ECF Nos. 32, 35. According to the Government, with $15,544.65 credited to the judgment debt and post-judgment interest at the rate of .18%, the total balance due was $312,876.48 as of August 7, 2020 (*see* ECF No. 44 at 4), and is currently $312,902.22 as of August 24, 2020 (*see* ECF No. 47 at 2). As such, the Government took action to enforce the debt. On August 7, 2020, the Court granted the Government's application to issue a writ of garnishment against Mr. Wackt's property (here, disposable earnings) as payment for his restitution obligation. ECF No. 44 at 2, 7.

On August 12, 2020, the Government served the Application for Writ of Garnishment, the Writ of Garnishment; and the Clerk's Notice of Post-Judgment Garnishment and Instructions on Mr. Wackt and Republic Services (the garnishee). ECF No. 45. On August 20, 2020, Mr. Wackt timely filed his request for a hearing. ECF No. 46. In his request, he alleges that the Government did not comply with a statutory requirement for the issuance of the writ and requests a hearing in the district where he resides. *Id*. The Government filed its opposition on August 24, 2020. ECF No. 47. This Order follows.

## II. LEGAL STANDARD

The Federal Debt Collections Procedures Act ("FDCPA") provides the exclusive civil procedures for the Government to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine assessment, penalty, or restitution in favor of the United States. 28 U.S.C. § 3001(a)(1). To collect a debt, the FDCPA authorizes the Government to seek a writ of garnishment from the court. 28 U.S.C. § 3205. The FDCPA permits a court to issue a writ of garnishment against certain property of a debtor, including "nonexempt disposable earnings." 28 U.S.C. § 3205(a). The FDCPA defines disposable

earnings as "earnings remaining after all deductions required by law have been withheld" and further defines "nonexempt disposable earnings" as "25 percent of disposable earnings." 28 U.S.C. § 3002(9).

Section 3205(b) states the general requirements for a Writ of Garnishment: the Government must properly apply for the writ, provide the proper form of the writ, serve a request for an Answer on defendant's employer, and serve the writ on the judgment debtor, all in compliance with the statute. 28 U.S.C. § 3205(c)(3). Upon commencement of an action to recover restitution or fines under the FDCPA, the Government must prepare, and the Clerk of Court must issue, notice to the judgment debtor using the form set forth in section 3202(b). The notice must include an explanation of the judgment debtor's rights, exemptions that may apply, and the procedures applicable if the judgment debtor disputes the issuance of the writ. 28 U.S.C. § 3202(b).

Thereafter, the judgment debtor has two opportunities to object and obtain a hearing: (1) he may move to quash the writ by requesting a hearing within 20 days of receiving the notice, or (2) he may object to the garnishee's answer and request a hearing within 20 days of receipt of the garnishee's answer. 28 U.S.C. § 3202(d); 28 U.S.C. § 3205(c)(5). Here, no answer has been filed at this time, so the Court will only address the first opportunity for hearing, as explained in section 3202(d). When a judgment debtor has requested a hearing after receipt of the notice, the Court "shall hold a hearing … within 5 days after receiving the request or as soon thereafter as possible." 28 U.S.C. § 3202(d).

**II.     DISCUSSION**

Mr. Wackt filed his request for hearing and stated simply, pursuant to the form, that "I do not think the Government complied with a statutory requirement for the issuance of the Writ of Garnishment." ECF No. 46 at 1. However, upon review of the record, the Government seems to have complied with the statutory requirements. *Compare* ECF No. 44 *with* 28 U.S.C. §§ 3202(b)–(c), 3205.

Although the FDCPA states that the court "shall hold a hearing" at the debtor's request, courts have denied a hearing when the debtor did not identify any deficiency in

3

3:12-CR-234-DMS

the Government's compliance with the statutory requirements. *See, e.g.*, *United States v. Beebe*, No. C18-78-TSZ, 2018 WL 571763, at *2 (W.D. Wash. Jan. 26, 2018) (denying request for hearing when debtor "failed to identify any deficiency in the Government's compliance with the statutory requirements"); *United States v. Marchand*, No. 2:15-mc-3719-MHT-SRW, 2017 WL 2857722, at *2 (M.D. Ala. May 4, 2017) (denying request for hearing when the "[d]efendant's only permissible objection under § 3202(d) is his claim that the government failed to comply with statutory requirements[ and], beyond his bare assertion that the government failed to file a notice of lien [], defendant does not specify which statutory requirements were not met."); *cf. United States v. Tripodis*, No. 01-cr-109-WSD, 2016 WL 5389142, at *2 (N.D. Ga. Sept. 27, 2016) ("A defendant is not entitled to a hearing where he fails to show the Government did not comply with a statutory requirement, or fails to present a colorable claimed exemption").

The Court notes, and the Government acknowledges, that the form provided to Mr. Wackt did not include an area for him to explain why he believes that the Government did not comply with the statutory requirements.[1] ECF No. 47 at 8 (referring to ECF No. 46). Therefore, the Court will deny Mr. Wackt's request without prejudice to allow him the opportunity to provide the basis for his claims.

### III. CONCLUSION

As discussed above, the Court **DENIES** Mr. Wackt's request for a hearing **without prejudice**, and will provide him the opportunity to describe the basis for his claims. Mr. Wackt **IS ORDERED** to file a Renewed Request for Hearing, providing a basis for his claim that the Government did not comply with the statutory requirements and

---

[1] Mr. Wackt's basis for his claim is important here because "courts have denied a hearing … where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *Beebe*, 2018 WL 571763, at *2 (W.D. Wash. Jan. 26, 2018) (quoting *United States v. Bruneau*, No. CR-09-8098-1-PCT-FJM-LOA, 2013 WL 6409518, at *3 (D. Ariz. Oct. 23, 2013) (internal quotation marks omitted). Without more, the Court cannot fully and completely analyze those points.

supplemental information supporting his request to transfer the case to a district court in Illinois, no later than **September 15, 2020**. The Government's opposition brief (or notice of non-opposition) must be filed no later than **September 16, 2020**.[2]

**IT IS SO ORDERED.**

Dated:  August 25, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[2] The Court notes, likely due to barriers in filing *pro se* via mail, that the instant motion was received and dated August 20, 2020, but not entered by the Clerk's Office until August 21, 2020. *See* ECF No. 47. Thus, should Mr. Wackt's *timely* Renewed Request for Hearing be entered by the Clerk's Office after September 15, 2020, the Government shall have 24 hours from the time of CM/ECF entry to oppose.